■ Don Well, Respondent, v Yeshiva Rambam et al., Appellants, et al., Defendant. [753 NYS2d 512] —In an action to recover damages for breach of contract, the defendants Yeshiva Rambam, Isaac Moinester, Alex Rovt, Richard Bernstein, Alex Gross, Imre Lefkovitz, Eli Cameo, Isidore Zaremba, Jeshurin Allen, Stacy Rosen, Irwin Weintraub, Garry Konner, Joel Zwibel, Harold Braunstein, Adam Sandler, Ellen Nakash, and Jeffrey Wallach appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 23, 2001, as denied those branches of their motion which were to dismiss the sixth through twelfth causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the sixth through twelfth causes of action insofar as asserted against the appellants are granted, and those causes of action are dismissed insofar as asserted against the appellants.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (*see Leon v Martinez,* 84 NY2d 83, 87; *LoPinto v J.W. Mays, Inc.,* 170 AD2d 582; *Cohn v Rothman-Goodman Mgt. Corp.,* 155 AD2d 579). "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275). A court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Rovello v Orofino Realty Co.,* 40 NY2d 633, 635). However, "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" dismissal may not be predicated on such evidentiary material (*Kenneth R. v Roman Catholic Dio-*

*cese of Brooklyn,* 229 AD2d 159, 162, *cert denied* 522 US 967 [internal quotation marks omitted]). A complaint containing factual claims that are flatly contradicted by documentary evidence should be dismissed (*see Kenneth R. v Roman Catholic Diocese of Brooklyn, supra*).

The sixth cause of action must be dismissed because it alleged the breach of a contract provision that amounted to an agreement to negotiate and, as such, is unenforceable (*see Del Castillo v Bayley Seton Hosp.,* 232 AD2d 602; *Martin Delicatessen v Schumacher,* 52 NY2d 105, 110). Since the individual defendants named in the seventh and eighth causes of action are entitled to the qualified immunity afforded by Not-For-Profit Corporation Law § 720-a, and there is no reasonable probability that the plaintiff could prove gross negligence or intentional harm, those causes of action should be dismissed (*see* CPLR 3211 [a] [11]; *Durante Bros. Constr. Corp. v College Point Sports Assn.,* 207 AD2d 379, 380).

A necessary element of a cause of action alleging negligent supervision or negligent retention is that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn, supra* at 161). The ninth, tenth, and eleventh causes of action, based on negligent supervision and negligent retention, contain " 'little more than bare legal conclusions' or factual claims that are contradicted by evidence" (*Manno v Mione,* 249 AD2d 372, 373, quoting *Kenneth R. v Roman Catholic Diocese of Brooklyn, supra* at 161). Thus, those causes of action should have been dismissed. Finally, the twelfth cause of action, sounding in defamation, should have been dismissed because the plaintiff failed to set forth the particular defamatory words (*see* CPLR 3016 [a]; *Poplawski v Metropolitan Prop. & Cas. Ins. Co.,* 262 AD2d 543, 544). Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.