■ SHU YUAN HUANG, Appellant, v ST. JOHN'S EVANGELICAL LUTHERAN CHURCH et al., Respondents, et al., Defendant. [12 NYS3d 232]—

In an action, inter alia, to recover damages for negligent hiring, retention, and supervision, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Sampson, J.), entered July 30, 2013, which granted that branch of the motion of the defendant Metropolitan New York Synod of the Evangenical Lutheran Church in America which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) an order of the same court entered January 14, 2014, which granted the renewed motion of the defendant St. John's Evangelical Lutheran Church pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the orders are affirmed, with one bill of costs.

In considering a motion to dismiss a complaint pursuant to

CPLR 3211 (a) (7), "the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true" (*Well v Yeshiva Rambam*, 300 AD2d 580, 580 [2002]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A necessary element of a cause of action to recover damages for negligent hiring, retention, or supervision is that the employer "knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997]; *see Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756, 757 [2012]).

Here, the complaint failed to state causes of action to recover damages for negligent hiring, retention, or supervision against the defendants St. John's Evangelical Lutheran Church and Metropolitan New York Synod of the Evangelical Lutheran Church in America (hereinafter together the defendants) (*see Rodrigues-Lytwyn v Roman Catholic Diocese of Brooklyn*, 79 AD3d 840, 841 [2010]; *Mason v Ben Roy Das, Inc.*, 34 AD3d 768, 768 [2006]; *Well v Yeshiva Rambam*, 300 AD2d at 581) since it failed to sufficiently allege that the defendants knew or should have known of a propensity on the part of their employee to commit the alleged wrongful acts (*see Mason v Ben Roy Das, Inc.*, 34 AD3d at 768).

Accordingly, the Supreme Court properly granted that branch of the motion of the defendant Metropolitan New York Synod of the Evangenical Lutheran Church in America which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and properly granted the renewed motion of the defendant St. John's Evangelical Lutheran Church pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.