Sheppard v United States Tennis Assn. Inc. (2021 NY Slip Op 06204)





Sheppard v United States Tennis Assn. Inc.


2021 NY Slip Op 06204


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-09398
 (Index No. 716333/18)

[*1]Tarik Sheppard, respondent, 
v
United States Tennis Association Incorporated, et al., appellants.


Denlea & Carton LLP, White Plains, NY (Jeffrey I. Carton and Amber T. Wallace of counsel), for appellants.
The Lambrou Law Firm, P.C., New York, NY (Lambros Y. Lambrou and Ronny Solomon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for discrimination on the basis of race, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 12, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action is granted.
In determining a motion to dismiss pursuant to CPLR 3211, the pleadings are afforded a liberal construction, the facts as alleged in the complaint are deemed true and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 736). A necessary element of a cause of action to recover damages for negligent hiring and training is that the employer "knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161; see DeJesus v DeJesus, 132 AD3d 721, 722; Timothy Mc. v Beacon City School Dist., 127 AD3d 826, 828).
Here, the amended complaint failed to state a cause of action to recover damages for negligent hiring and training against the defendants (see 106 N. Broadway, LLC v Lawrence, 189 AD3d at 736; Shu Yuan Huang v St. John's Evangelical Lutheran Church, 129 AD3d 1053, 1054) since it failed to sufficiently allege that the defendants knew, or should have known, of a propensity on the part of their employee to commit the alleged wrongful act (see Shu Yuan Huang v St. John's Evangelical Lutheran Church, 129 AD3d at 1054).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a)(7) to dismiss the second cause of action.
The parties' remaining contentions either are without merit or need not be reached [*2]in light of our determination.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court