Fuller v Family Servs. of Westchester, Inc. (2022 NY Slip Op 05992)

Fuller v Family Servs. of Westchester, Inc.

2022 NY Slip Op 05992

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-06905

[*1]Rodney Fuller, respondent, 
v
Family Services of Westchester, Inc., appellant, et al., defendants. (Westchester County Index No. 54510/20)

Kasowitz Benson Torres LLP, New York, NY (Christian T. Becker, Patrick W. McDonald, and Rafaela Shane Fischman of counsel), for appellant.
Greenstein & Milbauer, LLP, New York, NY (Michael A. Barnett of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, negligent hiring, and negligent training and supervision, the defendant Family Services of Westchester, Inc., appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated August 16, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and third causes of action insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Family Services of Westchester, Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and third causes of action insofar as asserted against it are granted.
The plaintiff commenced this action pursuant to CPLR 214-g, asserting, inter alia, causes of action alleging negligence (first cause of action), negligent hiring (second cause of action), and negligent training and supervision (third cause of action). The complaint alleged that when the plaintiff was between 10 and 12 years old, he was sexually abused by a youth mentor employed and referred to him by the defendant Family Services of Westchester, Inc. (hereinafter FSW).
FSW moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order dated August 16, 2021, the Supreme Court, inter alia, denied those branches of FSW's motion which were to dismiss the causes of action alleging negligence, negligent hiring, and negligent training and supervision insofar as asserted against it. FSW appeals.
In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 736). However, "allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Blank, 19 NY3d 46, 52 [internal quotation marks omitted]).
To sustain a cause of action sounding in negligent supervision of a child under the [*2]alleged facts of this case, the plaintiff must establish that the defendant "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (George v Windham, 169 AD3d 876, 877 [internal quotation marks omitted]; see Andrew S. v Gristina, 97 AD3d 651, 652). Similarly, "'[t]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (S.C. v New York City Dept. of Educ., 97 AD3d 518, 519-520, quoting Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Sheppard v United States Tennis Assn. Inc., 199 AD3d 846, 847; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161).
Here, the complaint failed to state a cause of action to recover damages for negligent supervision of the plaintiff, since it failed to sufficiently allege that the third party acts were foreseeable (cf. George v Windham, 169 AD3d at 877; Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 828). Similarly, the complaint failed to state causes of action to recover damages for negligent hiring and negligent training and supervision related to the plaintiff's alleged youth mentor, since it failed to sufficiently allege that FSW knew, or should have known, of a propensity on the part of the youth mentor to commit the alleged wrongful acts (see Sheppard v United States Tennis Assn. Inc., 199 AD3d at 847; 106 N. Broadway, LLC v Lawrence, 189 AD3d at 736; Shu Yuan Huang v St. John's Evangelical Lutheran Church, 129 AD3d 1053, 1054).
Accordingly, the Supreme Court should have granted those branches of FSW's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligence, negligent hiring, and negligent training and supervision.
In light of our determination, we need not reach FSW's remaining contention.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court