Doe v Hauppauge Union Free Sch. Dist. (2023 NY Slip Op 00843)

Doe v Hauppauge Union Free Sch. Dist.

2023 NY Slip Op 00843

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-07703

[*1]John Doe, appellant, 
v
Hauppauge Union Free School District, respondent, et al., defendant. (Suffolk County Index No. 605541/21)

Gersowitz Libo & Korek, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Michael H. Zhu], of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Matthew Williams of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, hiring, and retention, the plaintiff appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated October 18, 2021. The order, insofar as appealed from, granted the motion of the defendant Hauppauge Union Free School District pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for negligent supervision, hiring, and retention against the defendant Hauppauge Union Free School District (hereinafter the district) and the defendant Mark Kimes based on an allegation that Kimes assaulted him when he was a high school student in the district and Kimes was employed by the district as a choral teacher. Specifically, the plaintiff alleged that on September 3, 2017, into September 4, 2017, he was physically and sexually assaulted by Kimes while attending a party at Kimes's home.
The district moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. In an order dated October 18, 2021, the Supreme Court, inter alia, granted the motion on the ground that the complaint failed to state a cause of action insofar as asserted against the district. The plaintiff appeals.
In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 736). However, "allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Blank, 19 NY3d 46, 52 [internal quotation marks omitted]; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983).
Here, to the extent that the plaintiff purports to have alleged a cause of action against the district to recover damages for breach of a duty in loco parentis, this is not a cognizable cause [*2]of action under New York law. Rather, the concept of in loco parentis forms the basis of the duty owed by a school district to students within its charge in the context of a negligent supervision claim (see Mirand v City of New York, 84 NY2d 44, 49; see also Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 619-620; Giresi v City of New York, 125 AD3d 601, 602-603).
To the extent that the plaintiff alleged a cause of action against the district sounding in negligence based on allegations that the district owed him a duty of care, as an invitee on property that the district owned and/or operated, to safely manage its premises, and breached that duty by allowing Kimes to work on its premises, such cause of action was legally insufficient. The plaintiff's own allegations in the complaint, if accepted as true, demonstrated that the subject incident took place at Kimes's home (see Steven B. v Westchester Day Sch., 196 AD3d 624, 625).
Further, to the extent that the plaintiff alleged a negligent supervision cause of action against the district based on allegations that it failed to adequately supervise him and/or Kimes, such cause of action was legally insufficient, since the plaintiff's own allegations in the complaint, if accepted as true, demonstrated that the subject incident took place when the district had no custody or control of the plaintiff and no duty to monitor or supervise Kimes's conduct (see "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 705; see also Pratt v Robinson, 39 NY2d 554, 560). Contrary to the plaintiff's contention, the complaint does not include factual allegations regarding any improper interactions between him and Kimes that took place on school grounds during school hours prior to the subject incident (cf. Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636).
To the extent that the plaintiff alleged negligent hiring and/or retention causes of action against the district, the Supreme Court properly directed dismissal of such causes of action, since the plaintiff failed to sufficiently plead that the district knew or should have known of Kimes's propensity for the type of conduct at issue (see Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 983; Shu Yuan Huang v St. John's Evangelical Lutheran Church, 129 AD3d 1053, 1054; Well v Yeshiva Rambam, 300 AD2d 580, 581). While it is true that such causes of action need not be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 745), here, the complaint contained "little more than bare legal conclusions" as to Kimes's propensity for improper conduct that were entirely unsupported by the alleged facts (Well v Yeshiva Rambam, 300 AD3d at 581 [internal quotation marks omitted]; cf. Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). Moreover, the plaintiff failed to adequately demonstrate any basis to allow him to conduct discovery prior to directing dismissal of those causes of action (see CPLR 3211[d]). In any event, even assuming that the complaint sufficiently pleaded notice of Kimes's propensity for the type of conduct at issue, the plaintiff's own allegations in the complaint, if accepted as true, demonstrated that there was no nexus between Kimes's employment with the district and the subject incident, which were separated by time, place, and the intervening independent acts of Kimes (see "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d at 706).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the district's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court