Reaves v New York City Dept. of Educ. (2023 NY Slip Op 03875)

Reaves v New York City Dept. of Educ.

2023 NY Slip Op 03875

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06533
 (Index No. 707928/19)

[*1]Christine Reaves, et al., appellants, 
v
New York City Department of Education, et al., respondents.

Stulberg & Walsh, LLP, New York, NY (Patrick J. Walsh of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Julie Steiner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered June 4, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, which was asserted against the defendant New York City Department of Education to recover damages for negligent hiring, training, and supervision.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs were both teachers employed by the defendant New York City Department of Education (hereinafter DOE) and assigned to P.S. 60 in Queens, where the defendant Frank DeSario was the principal. In 2019, the plaintiffs commenced this action against DOE and DeSario, asserting causes of action sounding in gender discrimination, hostile work environment, and retaliation, in violation of the New York State Humans Right Law (see Executive Law § 296) and the New York City Human Rights Law (see Administrative Code § 8-107). The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint. In an order entered June 4, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, which was asserted against DOE to recover damages for negligent hiring, training, and supervision. The plaintiffs appeal.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), a court must "accept the facts as alleged in a complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 636; NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1060-1061).
"'To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (S.C. v New York City Dept. of Educ., 97 AD3d 518, 519-520, quoting Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). Here, the Supreme Court properly directed dismissal of the fourth cause of action against DOE, since the second amended complaint failed to sufficiently allege that DOE knew or should have known of DeSario's propensity to commit the wrongful acts alleged in the second amended complaint (see Sheppard v United States Tennis Assn. Inc., 199 AD3d 846, 847; Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984). Moreover, the plaintiffs' submissions in opposition to the defendants' motion failed to remedy this defect in the second amended complaint (see NFA Group v Lotus Research, Inc., 180 AD3d at 1060-1061).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court