Hammill v Salesians of Don Bosco (2024 NY Slip Op 03170)

Hammill v Salesians of Don Bosco

2024 NY Slip Op 03170

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-07290
 (Index No. 54039/20)

[*1]Hugh Hammill, appellant, 
v
Salesians of Don Bosco, etc., respondent.

Wisell & McGee, LLP, Kew Gardens, NY (John T. Wisell of counsel), for appellant.
McCarter & English, LLP, New York, NY (John C. Kelly of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated June 1, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged negligent supervision, hiring, and retention of George Puello.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged negligent supervision, hiring, and retention of George Puello is denied.
The plaintiff commenced this action, inter alia, pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for personal injuries he allegedly sustained in 1970, when he was sexually assaulted by individuals employed by the defendant. In particular, the plaintiff alleged, among other things, that at the time he was sexually assaulted, he was attending a residential summer camp run by the defendant.
The defendant moved, inter alia, for summary judgment dismissing so much of the first cause of action as alleged negligent supervision, hiring, and retention of its employee, George Puello. In an order dated June 1, 2023, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring and retention of the employee" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the [*2][supervision,] hiring and retention of the employee" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d at 1097 [internal quotation marks omitted]; see Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635-637).
Here, the defendant demonstrated, prima facie, that it lacked actual or constructive notice of Puello's alleged propensity for the conduct that caused the plaintiff's injury. However, in opposition, the plaintiff raised a triable issue of fact as to whether the defendant had constructive notice of Puello's alleged propensity for sexual abuse, given, among other things, the frequency and nature of the alleged abuse perpetrated by Puello (see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 847-848). Moreover, the plaintiff averred in his affidavit submitted in opposition to the defendant's motion that he "clearly told" Thomas Brown, an employee in the camp's infirmary, about the first of Puello's alleged assaults, which continued thereafter, raising a triable issue of fact as to whether the defendant had actual notice of Puello's alleged propensity for sexual abuse. The defendant's contention that the adverse interest exception precludes imputing Brown's knowledge of Puello's alleged conduct to the defendant is without merit (see Kirschner v KPMG LLP, 15 NY3d 446, 467; Center v Hampton Affiliates, 66 NY2d 782, 784-785).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing so much of the first cause of action as alleged negligent supervision, hiring, and retention of Puello.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court