Abbas v Richmond Univ. Med. Ctr. (2024 NY Slip Op 04050)

Abbas v Richmond Univ. Med. Ctr.

2024 NY Slip Op 04050

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-05216
 (Index No. 510309/17)

[*1]Mohamed Abbas, etc., appellant, 
v
Richmond University Medical Center, respondent.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Adonaid C. Medina of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), entered July 1, 2021. The judgment, insofar as appealed from, upon an order of the same court dated November 14, 2019, inter alia, granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent hiring and retention and loss of consortium, is in favor of the defendant and against the plaintiff dismissing those causes of action.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On May 24, 2017, the plaintiff, following the death of his wife, Barbara Abbas (hereinafter the decedent), on November 14, 2014, commenced this action, as administrator of the decedent's estate and as the natural father and guardian of the property of the decedent's infant child, against the defendant, Richmond University Medical Center. The plaintiff alleged causes of action to recover damages for medical malpractice, wrongful death, negligent hiring and retention, as well as loss of consortium on his own behalf and loss of parental guidance on behalf of the decedent's child. After issue was joined, the defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The defendant argued that the causes of action alleging medical malpractice and wrongful death were time-barred and the remaining causes of action failed to state a cause of action.
In an order dated November 14, 2019, the Supreme Court granted the defendant's motion and on July 1, 2021, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from so much of the judgment as dismissed the cause of action to recover damages for negligent hiring and retention and the cause of action to recover damages for loss of consortium.
In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 736). However, "allegations consisting [*2]of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Blank, 19 NY3d 46, 52 [internal quotation marks omitted]).
"[T]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984 [internal quotation marks omitted]; see Reaves v New York City Dept. of Educ., 218 AD3d 697, 698; Kuhfeldt v New York Presbyt./Weill Cornell Med. Ctr., 205 AD3d 480). Here, the amended complaint failed to state a cause of action to recover damages for negligent hiring and retention since it failed to sufficiently allege that the defendant knew, or should have known, of a propensity on the part of any employee or employees to commit an alleged wrongful act (see Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984; Sheppard v United States Tennis Assn. Inc., 199 AD3d 846, 847).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging negligent hiring and retention.
Moreover, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging loss of consortium, as that cause of action was derivative of the dismissed causes of action (see Kelly v Ahn, 224 AD3d 673; Weiss v Vacca, 219 AD3d 1375, 1378).
We therefore affirm the judgment insofar as appealed from.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court