Kessler v Yeshiva of Cent. Queens (2024 NY Slip Op 05337)

Kessler v Yeshiva of Cent. Queens

2024 NY Slip Op 05337

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-04843
 (Index No. 400041/20)

[*1]Ilene Kessler, respondent, 
v
Yeshiva of Central Queens, appellant, et al., defendants.

Seyfarth Shaw LLP, New York, NY (Karen Y. Bitar and Matthew C. Catalano of counsel), for appellant.
Sweeney, Reich & Bolz, LLP, Lake Success, NY (Michael H. Reich and Michael G. Dowd of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Yeshiva of Central Queens appeals from an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered April 12, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent retention and supervision insofar as asserted against the defendant Yeshiva of Central Queens.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent retention and supervision insofar as asserted against the defendant Yeshiva of Central Queens are granted.
The plaintiff commenced this action against the defendant Yeshiva of Central Queens (hereinafter YCQ), among others, pursuant to CPLR 214-g, asserting, inter alia, causes of action alleging negligent retention and supervision. According to the complaint, the plaintiff was sexually abused by a religious studies teacher employed by YCQ. The complaint also alleged that the sexual abuse occurred between 1965 and 1966, while the plaintiff was a fourth-grade student, after tutoring classes that YCQ required her to attend and that were conducted at the religious studies teacher's home. Subsequently, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered April 12, 2023, the Supreme Court, among other things, denied those branches of the motion which were to dismiss the causes of action alleging negligent retention and supervision insofar as asserted against YCQ. YCQ appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 633). However, "allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [internal quotation marks omitted]; see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810).
In this case, to sustain the cause of action sounding in negligent supervision of a child, [*2]the plaintiff was required to allege that YCQ "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (George v Windham, 169 AD3d 876, 877 [internal quotation marks omitted]; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984; Andrew S. v Gristina, 97 AD3d 651, 652). Similarly, "[a]n employer can be held liable under theories of negligent hiring, retention, and supervision where it is shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801 [internal quotation marks omitted]; see Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105).
Here, the complaint failed to state a cause of action alleging negligent retention of the religious studies teacher by YCQ and a cause of action alleging negligent supervision based upon YCQ's failure to adequately supervise the plaintiff and/or the religious studies teacher, as the complaint did not sufficiently plead that YCQ knew or should have known of the religious studies teacher's propensity for the type of conduct at issue (see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810-811; Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984). While it is true that such causes of action need not be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 745), the complaint merely asserted the bare legal conclusion that YCQ "knew or should have known of [the religious studies teacher's] propensity to sexually abuse minor students," without providing any factual allegations that the religious studies teacher's sexual abuse of the plaintiff was foreseeable (see Well v Yeshiva Rambam, 300 AD2d 580, 581).
In light of our determination, the parties' remaining contentions need not be reached.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court