RKJW1 Doe v Watchtower Bible & Tract Socy. of N.Y., Inc. (2024 NY Slip Op 05467)

RKJW1 Doe v Watchtower Bible & Tract Socy. of N.Y., Inc.

2024 NY Slip Op 05467

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-01950
 (Index No. 511805/21)

[*1]RKJW1 Doe, respondent, 
v
Watchtower Bible and Tract Society of New York, Inc., et al., defendants, Governing Body of Jehovah's Witnesses, appellant.

Wade Clark Mulcahy LLP, New York, NY (Carl J. Schaerf of counsel), for appellant.
Robins Kaplan LLP, New York, NY (Rayna E. Kessler and Caroline A. McMahon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Governing Body of Jehovah's Witnesses appeals from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated November 16, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendant Governing Body of Jehovah's Witnesses (hereinafter the Governing Body), among others, alleging that the Governing Body was liable under different theories of negligence for sexual abuse perpetrated against the plaintiff by a ministerial servant named Ronald Mark Harding during the years 1991-1994, when the plaintiff was a member of the defendant Kings Highway Congregation of Jehovah's Witnesses, Brooklyn, New York (hereinafter the Congregation). The Governing Body moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, contending, among other things, that dismissal was warranted pursuant to CPLR 3211(a)(7) and (8). In an order dated November 16, 2023, the Supreme Court denied the motion. The Governing Body appeals.
"Dismissal pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction is warranted where a named defendant is not a legal entity amenable to suit" (Chestnut v United Methodist Church, _____ AD3d _____, _____, 2024 NY Slip Op 03726, *7 [2d Dept]; see CPLR 3211[a][8]). Under New York law, "'[a]n action or special proceeding may be maintained, against the president or treasurer' of an 'unincorporated association' 'upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally'" (Chestnut v United Methodist Church, _____ AD3d at _____, 2024 NY Slip Op 03726, *7, quoting General Associations Law § 13; see CPLR 1025).
Here, at the pleading stage of the litigation, the plaintiff sufficiently alleged that the Governing Body was a jural entity capable of being sued as an unincorporated association. Notably, [*2]the summons listed a discrete address for the Governing Body which was different from the addresses listed for the other defendants, including the defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter Watchtower). Additionally, the complaint alleged that the Governing Body "was and is a business or religious entity of unknown legal status conducting business in the State of New York" and that "[a]t the time of the sexual abuse alleged in this complaint, Governing Body's principal headquarters was located in Kings County, State of New York." Additionally, the complaint alleged that "[d]uring the dates of the sexual abuse of Plaintiff, Defendant Governing Body established the sexual abuse policies implemented by Watchtower and all congregations of Jehovah's Witnesses in the United States, including Congregation; established the policies for appointing and supervising elders and ministerial servants within the Jehovah's Witness organization; participated in the appointment of elders and ministerial servants; and exercised supervision and control over elders and ministerial servants," including Harding. The complaint further alleged that the Governing Body comprises eight members, claims to have a formal president or secretary, and "has a coordinator that was formerly referred to as a chairman." The complaint further alleged that the "organizational structure of the Jehovah's Witnesses is hierarchical" and that "[t]he organizational head of the Jehovah's Witnesses was and is Defendant Governing Body." As such, the complaint alleged that "[a]uthority flows downward from Defendant Governing Body to the local level of the organization, which is made up of congregations." The complaint also alleged that at all times relevant to allegations in the complaint, both Watchtower and the Governing Body "had ultimate authority over the appointment of any candidate to" various positions, including elder, ministerial servant, and district or circuit overseer, and that Harding was a ministerial servant of the Congregation at the time of the alleged abuse.
Moreover, in opposition, the plaintiff submitted various documents from Watchtower, including one entitled "Overview of Jehovah's Witnesses' U.S. Organizational Structure." That document stated, among other things, that Watchtower, "incorporated in 1909, is a not-for-profit corporation used by the Governing Body to hold title to properties in New York, print Bible-based books and magazines, and to sponsor schools for missionaries, Branch Committee members and traveling overseers at the Watchtower Education Center in Patterson, New York. Until October 2000, it was also used to oversee activities of Jehovah's Witnesses in the United States" (emphasis added). That document also stated that "[t]he Governing Body currently has 7 members, all of whom reside in Brooklyn, New York," and that since 1975, the Governing Body has been organized into six committees, including a "Coordinators' Committee" that "has oversight of legal matters and crises."
Based upon these allegations, the Supreme Court properly determined that the Governing Body, which has a separate and distinct identity from the rest of the Jehovah's Witnesses' organizations, constitutes a jural entity that can be sued as an unincorporated association in New York (see Chestnut v United Methodist Church, _____ AD3d at _____, 2024 NY Slip Op 03726, *9 n 5; Craine v NYSARC, Inc., 88 AD3d 1105, 1105-1107).
Additionally, contrary to the Governing Body's contention, the plaintiff was not required to allege that all members of the Governing Body authorized or ratified the allegedly negligent conduct, since the rule stated in Martin v Curran (303 NY 276) does not apply to causes of action sounding in negligence against an unincorporated association (see Catania v Liriano, 203 AD3d 422; Salemeh v Toussaint, 25 AD3d 411; Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO, 8 AD3d 1033; Piniewski v Panepinto, 267 AD2d 1087; Walsh v Torres-Lynch, 266 AD2d 817; Grahame v Rochester Teachers Assn. [NYSUT/AFT-AFL/CIO], 262 AD2d 963; Torres v Lacey, 3 AD2d 998; see also Lahendro v New York State United Teachers Assn., 88 AD3d 1142).
Further, contrary to the Governing Body's contention, whether the plaintiff failed to comply with the requirements of General Associations Law § 13 by failing to allege the existence of a president or treasurer of the Governing Body is immaterial, since identifying "the most closely analogous officer (e.g., 'chairman') will suffice" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C1025:2, citing Matter of Pasch [Chemoleum Corp.], 26 Misc 2d 918, 920 [Sup Ct, NY County], affd without op 13 AD2d 470 [1st Dept]). Here, the complaint not only alleged that the Governing Body is comprised of eight members and "claims to [*3]have a formal president or secretary," but also that the "Governing Body has a coordinator that was formerly referred to as a chairman," and that the position of coordinator rotates on a yearly basis in alphabetical order. The plaintiff also alleged that each current member of the Governing Body was the current coordinator. These allegations sufficiently complied with the requirements of General Associations Law § 13 (see Matter of Pasch [Chemoleum Corp.], 26 Misc 2d at 920).
"On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 752, quoting Leon v Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 635). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [defendant] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 753; see Mirand v City of New York, 84 NY2d 44, 49; Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984). Similarly, to establish a cause of action based on negligent hiring and retention, "it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984).
Here, the complaint alleged, inter alia, that the plaintiff was a member of the Congregation in which a ministerial servant who allegedly abused the plaintiff was an agent of the Governing Body, that the Governing Body knew or should have known about its ministerial servant's propensity to engage in such conduct, and that the conduct occurred during congregational activities and during times at which the plaintiff was under the Governing Body's supervision and care, custody, and control. At the pleading stage of the litigation, where the plaintiff's allegations in the complaint are accepted as true and are accorded the benefit of every possible favorable inference, the causes of action to recover damages for negligent supervision, negligent hiring and retention, and negligent training of the ministerial servant were sufficiently pleaded (see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 937-939; Davila v Orange County, 215 AD3d at 635; Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105; cf. Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the Governing Body pursuant to CPLR 3211(a)(7) and (8).
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court