P.S. v Beck (2024 NY Slip Op 06163)

P.S. v Beck

2024 NY Slip Op 06163

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 70046/19 Appeal No. 3218 Case No. 2024-00893 

[*1]P.S., Plaintiff-Respondent,
v
Fernand Beck, et al., Defendants, The New York Province of the Society of Jesus, et al., Defendants-Appellants.

Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for appellants.
Simmons Hanly Conroy LLP, New York (Andrea Bierstein of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered January 5, 2024, which, insofar as appealed from as limited by the briefs, denied so much of the motion to dismiss the complaint by defendants The New York Province of the Society of Jesus, U.S.A Northeast Province of the Jesuit Fathers and Brothers, The USA Northeast Province of the Society of Jesus, Inc., and The USA East Province of the Society of Jesus, Inc. (collectively appellants) as sought dismissal as against appellants of plaintiff's causes of action for negligence, gross negligence and negligent hiring and retention, unanimously reversed, on the law, without costs, and the motion to dismiss those causes of action as against appellants granted. The Clerk is directed to enter judgment in favor of appellants dismissing the complaint as against them.
Plaintiff alleges that in April of 1981, when he was about 17 years old, Fernand Beck, his religion teacher at Fordham Preparatory School (Fordham), was present at a party at a public park attended by plaintiff and other Fordham students. Plaintiff further alleges that, after the party, Beck drove several students, including plaintiff, back to Beck's home, where he allegedly sexually abused plaintiff.
Plaintiff fails to state a legally sufficient cause of action for negligent hiring and retention as against appellants, the alleged operators of Fordham, because he fails to allege a nexus between Beck's employment as a teacher at Fordham and Beck's misconduct, which occurred away from the school and outside of school hours (see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809 [2d Dept 2023]). The bare-bones complaint contains no allegation that Beck ever engaged in inappropriate behavior with plaintiff while at school (cf. Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636 [2d Dept 2018]).
With respect to plaintiff's negligence and gross negligence claims, the alleged injury undisputedly occurred off school grounds and outside school hours, so appellants did not owe plaintiff a duty of care either as landowners to invitees (see D'Amico v Christie, 71 NY2d 76, 85 [1987]) or based on the special relationship between schools and their students, which generally "does not extend beyond school premises" or past school hours (Stephenson v City of New York, 19 NY3d 1031, 1034 [2012]; see generally Pratt v Robinson, 39 NY2d 554, 560 [1976]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024