Doe v Grant Wilfley Casting, Inc. (2026 NY Slip Op 01037)

Doe v Grant Wilfley Casting, Inc.

2026 NY Slip Op 01037

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-07544
 (Index No. 628183/23)

[*1]Jane Doe, appellant, 
vGrant Wilfley Casting, Inc., et al., respondents, et al., defendant.

Gruenberg Kelly Della, Ronkonkoma, NY (Frank Braunstein of counsel), for appellant.
Hardin Kundla McKeon & Poletta, P.A., New York, NY (Eric J. Koplowitz of counsel), for respondent Grant Wilfley Casting, Inc.
Mitchell Silberberg & Knupp LLP, New York, NY (David B. Gordon of counsel), for respondent Paramount Pictures Corporation.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated May 9, 2024. The order granted the separate motions of the defendants Grant Wilfley Casting, Inc., and Paramount Pictures Corporation pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff commenced this action pursuant to the Adult Survivors Act (see CPLR 214-j) against the defendants Grant Wilfley Casting, Inc., Paramount Pictures Corporation (hereinafter together the defendants), and John Doe, inter alia, to recover damages for negligence. While working as an extra on the set of a film, the plaintiff allegedly was sexually assaulted by John Doe, another extra working on the set of the film. The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them. In an order dated May 9, 2024, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
"'On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory'" (Mohammad v Rehman, 236 AD3d 892, 893, quoting Weinstein v Levitin, 208 AD3d 531, 532). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Laine v Empire HealthChoice Assur., Inc., 234 AD3d 833, 835, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"'Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment'" (Browne v Lyft, Inc., 219 AD3d 445, 446, quoting N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251; see Riviello v Waldron, 47 NY2d 297, 302). "'Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment'" (Browne v Lyft, Inc., 219 AD3d at 446, quoting Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see Riviello v Waldron, 47 NY2d at 304). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359 [internal quotation marks omitted]; see Beauchamp v City of New York, 3 AD3d 465, 466; Stavitz v City of New York, 98 AD2d 529, 531).
"[W]here an employee's actions are taken for wholly personal reasons, which are not job related, the challenged conduct cannot be said to fall within the scope of employment" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d at 1360). "A sexual assault perpetrated by an employee is not in furtherance of an employer's business and is a clear departure from the scope of employment, having been committed for wholly personal motives" (id.; see N.X. v Cabrini Med. Ctr., 97 NY2d at 251; Judith M. v Sisters of Charity Hosp., 93 NY2d at 933). Here, John Doe's alleged conduct was a departure from his duties as an extra and was committed solely for personal motives and, as such, cannot be said to have been committed within the scope of employment (see Browne v Lyft, Inc., 219 AD3d at 447).
"[T]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984 [internal quotation marks omitted]; see Kessler v Yeshiva of Cent. Queens, 231 AD3d 1140, 1141).
Here, the complaint failed to state causes of action for negligent hiring, negligent retention, and negligent supervision since it failed to sufficiently allege that the defendants knew, or should have known, of a propensity on the part of John Doe to commit the alleged wrongful acts (see Kessler v Yeshiva of Cent. Queens, 231 AD3d at 1141-1142; Abbas v Richmond Univ. Med. Ctr., 229 AD3d 743, 744; Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984). Accordingly, the Supreme Court properly granted the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court