Boyle v North Salem Cent. Sch. Dist. (2022 NY Slip Op 05014)

Boyle v North Salem Cent. Sch. Dist.

2022 NY Slip Op 05014

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-01433

[*1]Sean Boyle, respondent, 
v
North Salem Central School District, appellant, et al., defendant. (Westchester County Index No. 62815/19)

Bond, Schoeneck & King, PLLC, Garden City, NY (Howard M. Miller of counsel), for appellant.
Meagher & Meagher, P.C., White Plains, NY (Christina M. Killerlane of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant North Salem Central School District appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated January 21, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligence, gross negligence, negligent hiring, retention, supervision, and direction, and breach of fiduciary duty insofar as asserted it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action asserting causes of action alleging, inter alia, negligence, gross negligence, negligent hiring, retention, supervision, and direction, and breach of fiduciary duty. The plaintiff alleged that, when he was in middle school, he was sexually molested by his guidance counselor, who was an employee or special employee of the defendant North Salem Central School District (hereinafter the district).
The district moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the negligence, gross negligence, negligent hiring, retention, supervision, and direction, and breach of fiduciary duty causes of action insofar as asserted against it. In an order dated January 21, 2021, the Supreme Court, among other things, denied those branches of the district's motion. The district appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity (see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 162).
The amended complaint alleges, among other things, that the district had prior notice [*2]of the guidance counselor's propensity to sexually molest students, that the district nevertheless permitted the guidance counselor to meet one-on-one with students, including the plaintiff, and that the district thereby negligently failed to prevent the guidance counselor from sexually molesting the plaintiff. Contrary to the district's contention, the Supreme Court properly found that the plaintiff sufficiently pleaded causes of action alleging negligence, gross negligence, and negligent hiring, retention, supervision, and direction (see Moskowitz v Masliansky, 198 AD3d 637, 640; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596; Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 411; see also BL Doe 7 v Fleming, 199 AD3d 1428, 1429-1430).
The district's remaining contention is without merit.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court