Novak v Sisters of the Heart of Mary (2022 NY Slip Op 06814)

Novak v Sisters of the Heart of Mary

2022 NY Slip Op 06814

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-08710
 (Index No. 515756/20)

[*1]William Novak, appellant, 
v
Sisters of the Heart of Mary, respondent.

Pfau Cochran Vertetis Amala, PLLC, New York, NY (Anelga Doumanian of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Michael O'Brien, pro hac vice, and Nicholas M. Guance of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (George J. Silver, J.), dated September 20, 2021. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g). He alleged that, while he was a child attending St. Ephrem Roman Catholic Parish School in Brooklyn, he was sexually abused by a priest, who was an employee and/or an agent of the defendant, Sisters of the Heart of Mary. The plaintiff asserted causes of action sounding in negligence, including negligent supervision of the plaintiff and negligent hiring, retention, and supervision of the priest, and intentional infliction of emotional distress.
The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated September 20, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
An employer can be held liable under theories of negligent hiring, retention, and supervision where the complaint alleges that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic [*2]Diocese of Brooklyn, 229 AD2d 159, 161; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745). Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 162).
Moreover, a school "has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d 1102, 1102; see Nancy Ann O. v Poughkeepsie City School Dist., 95 AD3d 972, 973). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Visiko v Fleming, 199 AD3d 1431, 1432 [internal quotation marks omitted]; see BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1422-1423).
The complaint alleged, inter alia, that the plaintiff was a student of St. Ephrem Roman Catholic Parish School, which was operated by the defendant. It also alleged that the priest who allegedly abused the plaintiff was an employee and/or an agent of the defendant, that the defendant had knowledge that the priest was abusing students, including the plaintiff, or that he had the propensity to abuse, and that the sexual abuse of the plaintiff occurred during school activities and during times at which the plaintiff was under the defendant's supervision and care, custody, and control. Here, at the pleading stage of the litigation where the plaintiff's allegations in the complaint are treated as true and are accorded the benefit of every possible favorable inference, the complaint is sufficiently pled as to the causes of action to recover damages for negligence, including the negligent hiring, retention, and supervision of the priest (see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596), and inadequate supervision of the plaintiff (cf. Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d at 1102; Nancy Ann O. v Poughkeepsie City School Dist., 95 AD3d at 973). The Supreme Court, therefore, should have denied that branch of the defendant's motion which was to dismiss the cause of action to recover damages for negligence (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745).
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710; see Howell v New York Post Co., 81 NY2d 115, 121). Here, treating the allegations in the complaint as true, including that the defendant had knowledge of the priest's sexual abuse of the plaintiff and other children and concealed that abuse, and giving the plaintiff the benefit of every possible favorable inference, the alleged conduct would be sufficiently outrageous in character and extreme in degree to set forth a cause of action for intentional infliction of emotional distress (see generally Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 101). The plaintiff also sufficiently pleaded a causal connection between the defendant's alleged outrageous conduct and the plaintiff's injuries (see id. at 101; Laurie Marie M. v Jeffrey T.M., 159 AD2d 52, 55, affd 77 NY2d 981). Moreover, this cause of action is not duplicative of the cause of action seeking damages for negligence (see Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 622; Warner v Druckier, 266 AD2d 2, 3). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress.
Since the causes of action alleging negligence and intentional infliction of emotional distress were sufficiently pleaded, the parties will have the opportunity to engage in discovery and ultimately the plaintiff will have the burden of proving his allegations as true.
Accordingly, we reverse the order appealed from.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court