Belcastro v Roman Catholic Diocese of Brooklyn, N.Y. (2023 NY Slip Op 00838)

Belcastro v Roman Catholic Diocese of Brooklyn, N.Y.

2023 NY Slip Op 00838

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-02143
 (Index No. 400007/19)

[*1]Thomas Belcastro, respondent,
v
Roman Catholic Diocese of Brooklyn, New York, et al., appellants, et al., defendants.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone, Robert M. Ortiz, Jeremy S. Rosof, and Lena Holubnyczyj of counsel), for appellant Roman Catholic Diocese of Brooklyn, New York.
Scahill Law Group, P.C., Bethpage, NY (James G. Flynn and Francis J. Scahill of counsel), for appellants St. Margaret's Roman Catholic Church and St. Margaret Catholic Academy.
Weitz & Luxenberg, P.C., New York, NY (Jason P. Weinstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Roman Catholic Diocese of Brooklyn, New York appeals, and the defendants St. Margaret's Roman Catholic Church and St. Margaret Catholic Academy separately appeal, from an order of the Supreme Court, Queens County (George J. Silver, J.), dated August 23, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendant Roman Catholic Diocese of Brooklyn, New York and the separate motion of the defendants St. Margaret's Roman Catholic Church and St. Margaret Catholic Academy which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, seeking to recover damages for negligent hiring, retention, and supervision, and the second cause of action, seeking to recover damages for negligence and gross negligence insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellants appearing separately and filing separate briefs.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants, Roman Catholic Diocese of Brooklyn, New York (hereinafter the Diocese), St. Margaret's Roman Catholic Church (hereinafter the Church), St. Margaret Catholic Academy (hereinafter the School), Father James P. Collins, and John Does. The complaint alleged, inter alia, that, while the plaintiff was a parishioner of the Church and also attending the School in Queens, he was sexually abused by Collins and the John Does, who were employees and/or agents of the other defendants. The plaintiff asserted causes of action sounding in, inter alia, negligence, including negligent supervision of the plaintiff, gross negligence, and negligent hiring, retention, and supervision of Collins and the John Does.
The Diocese moved, and the Church and the School separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, seeking to recover damages for negligent hiring, retention, and supervision, and the second cause of action, seeking to recover damages for negligence and gross negligence insofar as asserted against each of them. In an order dated August 23, 2021, the Supreme Court, among other things, denied those branches of the separate motions. The Diocese appeals, and the Church and the School separately appeal.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596).
An employer can be held liable under theories of negligent hiring, retention, and supervision where it is shown that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 160; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744). Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596).
A school "has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d 1102; Nancy Ann O. v Poughkeepsie City Sch. Dist., 95 AD3d 972, 973). "[A] school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Visiko v Fleming, 199 AD3d 1431, 1432 [internal quotation marks omitted]; see BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1422-23).
The complaint alleged, inter alia, that the plaintiff was a student of the School, which was operated by the Diocese, the School, and the Church. The complaint also alleged that Collins and the John Does were employees of those defendants, the defendants had knowledge that Collins and the John Does were abusing the plaintiff or had the propensity to abuse, and the sexual abuse of the plaintiff occurred in the School during times at which the plaintiff was under the defendants' supervision and care, custody, and control. The complaint thus sufficiently alleged causes of action to recover damages for negligence, including the negligent hiring, retention, and supervision of Collins and the John Does (see Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 595), and also inadequate supervision of the plaintiff (see Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d at 1102; Nancy Ann O. v Poughkeepsie City School Dist., 95 AD3d at 973).
The complaint's allegations that the Diocese, the School, and the Church knew of the sexual abuse and condoned it, covered it up, and intentionally failed to prevent it were sufficient to allege a cause of action to recover damages for gross negligence, which exists where a defendant's conduct "smack[ed] of intentional wrongdoing or evince[d] a reckless indifference to the rights of others" or the defendants "fail[ed] to exercise even slight care or slight diligence" (Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d 901, 901 [internal quotation marks omitted]; see Bennett v State Farm Fire & Cas. Co., 161 AD3d 926, 926).
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court