Sullivan v Port Wash. Union Free Sch. Dist. (2023 NY Slip Op 01022)

Sullivan v Port Wash. Union Free Sch. Dist.

2023 NY Slip Op 01022

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-01558
 (Index No. 900153/21)

[*1]Stacy Sullivan, respondent, 
v
Port Washington Union Free School District, et al., appellants.

Bond, Schoeneck & King, PLLC, Garden City, NY (John F. McKay III, Brittany Frank, and Howard M. Miller of counsel), for appellants.
Slater Slater Schulman, LLP, Melville, NY (Stephenie Lannigan Bross and Samantha A. Breakstone of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, supervision, and retention, the defendants appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered February 24, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that in 1974, while she was a student at an elementary school in Port Washington, she was repeatedly sexually abused over a period of several months by a janitor at the school.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 162).
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, alleging negligent hiring, supervision, and retention. Accepting the allegations in the complaint as true and according the [*2]plaintiff every possible favorable inference, the complaint sufficiently pleads a cause of action to recover damages for the negligent hiring, supervision, and retention of the janitor (see CPLR 3013; Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105-1106; Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745).
However, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, alleging a violation of Social Services Law § 413. Since the janitor was not a "person legally responsible" for the plaintiff's care within the meaning of Family Court Act § 1012(e), the defendants had no duty under Social Services Law § 413(1)(a) to report the alleged abuse of the plaintiff by the janitor (see Social Services Law § 412[1]; Matter of Catherine G. v County of Essex, 3 NY3d 175, 179-180; Matter of Yolanda D., 88 NY2d 790, 796; Hanson v Hicksville Union Free Sch. Dist., 209 AD3d 629, 631).
MILLER, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court