J.K. v City of New York (2024 NY Slip Op 00270)

J.K. v City of New York

2024 NY Slip Op 00270

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 950684/20 Appeal No. 1500 Case No. 2023-01101 

[*1]J.K., Plaintiff-Respondent,
v
The City of New York et al., Defendants, The Children's Aid Society, Also Known as The Children's Aid Society Goodhue Center, Defendant-Appellant.

Cohen & Gresser, LLP, New York (Stephen M. Sinaiko of counsel), for appellant.
Certain & Zilberg, PLLC, New York (K. Douglas Herring of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered January 30, 2023, which denied the motion of defendant The Children's Aid Society, also known as the Children's Aid Society Goodhue Center (CAS), to dismiss the complaint as against it, unanimously affirmed, without costs.
Accepting as true the facts alleged in the complaint and according plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the complaint adequately states causes of action for negligence and for negligent hiring, retention, supervision, and/or direction. The complaint alleges that CAS, as the entity entrusted with the then-infant plaintiff's legal and physical care and custody, had a duty to protect him from sexual abuse committed by another, older boy at its group home; that CAS knew or should have known of the older boy's propensity to sexually abuse other children; and that CAS's breach of its duty to protect plaintiff, even after discovering that he was being sexually abused by the older boy, caused his injuries. The complaint also alleges that plaintiff's abuse continued even after it was reported and discovered, thus sufficiently pleading that CAS had actual notice. With respect to plaintiff's cause of action for negligent hiring, retention, supervision, and/or direction, the complaint sufficiently alleges that CAS knew or should have known of its employees' propensity to engage in conduct that allowed the sexual abuse to occur, and that its retention of improperly trained and supervised employees, along with the failure to discipline employees who displayed poor judgment, was the proximate cause of plaintiff's injuries.
The allegations that plaintiff was repeatedly sexually abused by the other resident in a CAS-owned and operated group home, even after the alleged abuse was discovered, are sufficient to plead that CAS had or should have had notice of the older boy's propensity to commit sexual abuse (see Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105 [2d Dept 2022]). To the extent the complaint failed to allege specific facts about notice, plaintiff has not yet been given access to CAS's records, which might contain notes, reports, or other evidence to support plaintiff's allegation that CAS knew or should have known of the older boy's propensity during the relevant period (see G.T. v Roman Catholic Diocese of Brooklyn, N.Y., 211 AD3d 413, 413 [1st Dept 2022]).
Supreme Court also properly declined to dismiss the cause of action alleging a violation of the statutory duty under Social Services Law § 413(1)(a) to report suspected child abuse, as dismissal would have been premature at this stage of the litigation. In view of the plain language of the statute, which provides that "[a]ny person, official or institution required by this title to report a case of suspected child abuse or maltreatment who knowingly and willfully fails to do so shall be civilly liable for the damages proximately [*2]caused by such failure," we find that CAS falls within the statute's purview as a mandatory reporter. Furthermore, the complaint sufficiently alleges that CAS had reasonable cause to suspect abuse was taking place while plaintiff and the alleged perpetrator were under CAS's physical care and custody. Although plaintiff failed to specify whom he told about his sexual abuse, the complaint nevertheless alleges that the sexual abuse was reported to CAS, which took no appropriate action and therefore allowed the abuse to continue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024