Rubin v Poly Prep Country Day Sch. (2024 NY Slip Op 02339)

Rubin v Poly Prep Country Day Sch.

2024 NY Slip Op 02339

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-01781
 (Index No. 501400/20)

[*1]Richard Rubin, respondent, 
v
Poly Prep Country Day School, appellant.

Seyfarth Shaw LLP, New York, NY (Gershon Akerman, Karen Y. Bitar, and Matthew C. Catalano of counsel), for appellant.
Oddo & Babat, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated December 22, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to serve and file a second amended complaint to add a demand for punitive damages and denied the defendant's motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Poly Prep Country Day School (hereinafter Poly Prep) pursuant to the Child Victims Act (hereinafter the CVA), which created a two-year revival window for previously time-barred childhood sexual abuse claims (see CPLR 214-g). The plaintiff filed an amended complaint asserting causes of action to recover damages for negligence and negligent hiring, retention, and supervision. The plaintiff alleged, inter alia, that multiple teachers employed by Poly Prep had sexually abused him from 1960 through 1965, when he was 13 to 18 years old.
Poly Prep moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint. The plaintiff moved for leave to serve and file a second amended complaint to include, inter alia, a demand to recover punitive damages. In an order dated December 22, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to serve and file a second amended complaint to add a demand to recover punitive damages and denied Poly Prep's motion to dismiss the amended complaint. Poly Prep appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Haddad v Muir, 215 AD3d 641, 642; see Schearer v Fitzgerald, 217 AD3d 980, 981). On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v [*2]Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 633). "Whether a plaintiff can ultimately establish [its] allegations is not part of the calculus" (Davila v Orange County, 215 AD3d at 633 [internal quotation marks omitted]).
The Supreme Court properly denied Poly Prep's motion to dismiss the amended complaint on the ground that the CVA violates the Due Process Clause of the New York State Constitution. CPLR 214-g, enacted as part of the CVA, provides a revival window for "civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). "[A] claim-revival statute will satisfy the Due Process Clause of the State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Contrary to Poly Prep's contention, the revival of civil claims and causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations (see Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 752; Schearer v Fitzgerald, 217 AD3d at 983; PB-36 Doe v Niagara Falls City Sch. Dist., 213 AD3d 82, 85).
The Supreme Court also properly denied that branch of Poly Prep's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent hiring. Accepting the allegations in the amended complaint as true and according the plaintiff every possible favorable inference, the amended complaint sufficiently pleads a cause of action to recover damages for negligent hiring of Poly Prep's individual employees (see Davila v Orange County, 215 AD3d at 635; Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105; Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 745).
Furthermore, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to serve and file a second amended complaint to add a demand for punitive damages, as there was no prejudice or surprise to Poly Prep and this proposed amendment was not palpably insufficient or devoid of merit (see CPLR 3025[b]; Lee v Allen, 165 AD3d 907, 907-908).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court