Escobar v Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios (2024 NY Slip Op 05583)

Escobar v Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios

2024 NY Slip Op 05583

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-10895
 (Index No. 61114/21)

[*1]Andy L. Escobar, respondent, 
v
Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios, et al., defendants, Assemblies of God National Youth Ministries, et al., appellants.

Nelson Madden Black LLP, New York, NY (Barry Black, Jonathan R. Nelson, and Christopher Byrnes, pro hac vice, of counsel), for appellants.
Marc J. Bern & Partners LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Assemblies of God National Youth Ministries, General Council of the Assemblies of God, and National Royal Rangers Ministries appeal from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated October 17, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against, among others, the defendants Assemblies of God National Youth Ministries, General Council of the Assemblies of God, and National Royal Rangers Ministries (hereinafter collectively the defendants), inter alia, to recover damages for personal injuries. The amended complaint alleged, among other things, that the plaintiff was sexually abused as a child between 1987 and 1991 by an individual employed by the defendants as a youth leader who had provided religious instruction to the plaintiff. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against them based on documentary evidence, lack of subject matter jurisdiction, failure to state a cause of action, and lack of personal jurisdiction. In an order dated October 17, 2023, the Supreme Court, among other things, denied those branches of the motion, and the defendants appeal.
Pursuant to CPLR 3211(a)(2), a party may move to dismiss a cause of action on the ground that the court lacks subject matter jurisdiction. "The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is a substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs" (Matter of Congregation Yetev Lev D'Satmar, Inc. v [*2]Kahana, 9 NY3d 282, 286; see Chestnut v United Methodist Church, 230 AD3d 182). However, "[c]ivil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286). Here, the defendants failed to demonstrate that the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against them cannot be determined solely upon the application of neutral principles of law, without reference to religious principles (see Lifschitz v Sharabi, 153 AD3d 1338, 1339).
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801). Pursuant to CPLR 3211(a)(1), "a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Morrison v New York Archdiocese, 227 AD3d 703, 704). Generally, "such a duty may arise only where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others" (Morrison v New York Archdiocese, 227 AD3d at 704 [internal quotation marks omitted]).
"An employer can be held liable under theories of negligent hiring, retention, and supervision where it is shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d at 801 [internal quotation marks omitted]). "Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity" (Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 745; see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 752).
Here, the amended complaint alleged, inter alia, that the abuse of the plaintiff occurred on church premises and on camping trips, the defendants knew or should have known of the alleged abuser's propensity to commit sexual abuse, and the alleged abuser was under the direct supervision, employ, or control of the defendants. The amended complaint thus sufficiently alleged negligence and negligent hiring, retention, and supervision causes of action against the defendants (see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d at 753; Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d at 802). Moreover, the defendants' documentary evidence did not utterly refute the plaintiff's factual allegations or conclusively establish a defense as a matter of law (see CPLR 3211[a][1]).
"When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d 590, 591; see Altman v DiPreta, 204 AD3d 965, 967). However, in opposing a motion pursuant to CPLR 3211(a)(8) to dismiss a complaint on the ground of lack of personal jurisdiction, a plaintiff need only make a prima facie showing that such jurisdiction exists (see WCVAWCK-Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d 1, 6; Chiesa v McGregor, 209 AD3d 963, 967). "The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (WCVAWCK-Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d at 6 [internal quotation marks omitted]). Here, contrary to the defendants' contention, the allegations in the amended complaint were sufficient to support personal jurisdiction as against the defendants (see [*3]Chiesa v McGregor, 209 AD3d at 967).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against them.
The defendants' remaining contention is not properly before this Court.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court