SWKI 1 Doe v Watchtower Bible & Tract Socy. of Pa. (2024 NY Slip Op 05957)

SWKI 1 Doe v Watchtower Bible & Tract Socy. of Pa.

2024 NY Slip Op 05957

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-10001
 (Index No. 512105/21)

[*1]SWKI 1 Doe, respondent, 
v
Watchtower Bible and Tract Society of Pennsylvania, et al., defendants, Watchtower Bible and Tract Society of New York, Inc., et al., appellants.

Feinberg, D'Avanzo & Gasbarro, LLP, Ossining, NY (Jeffrey W. Gasbarro of counsel), for appellants.
Seeger Weiss LLP, New York, NY (Michael L. Rosenberg of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Watchtower Bible and Tract Society of New York, Inc., and Christian Congregation of Jehovah's Witnesses appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 24, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent hiring, retention, and supervision and negligent failure to provide a safe and secure environment and the demand for punitive damages insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Watchtower Bible and Tract Society of New York, Inc., and Christian Congregation of Jehovah's Witnesses which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent failure to provide a safe and secure environment insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In May 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against, among others, the defendants Watchtower Bible and Tract Society of New York, Inc., and Christian Congregation of Jehovah's Witnesses (hereinafter together the moving defendants). The complaint alleged, inter alia, that while the plaintiff was a child participating in activities organized and sponsored by the moving defendants, she was sexually abused by the defendant Elder Verdajo, who was an employee and/or agent of the moving defendants. The complaint asserted, among other things, causes of action alleging negligent hiring, retention, and supervision of Verdajo and negligent failure to ensure a safe and secure environment for the plaintiff and a demand for punitive damages.
The moving defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent hiring, retention, and supervision and negligent failure to [*2]ensure a safe and secure environment and the demand for punitive damages insofar as asserted against them. In an order dated August 24, 2023, the Supreme Court, among other things, denied those branches of the motion. The moving defendants appeal.
"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the sole criterion is whether from the complaint's 'four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law'" (Gale v Animal Med. Ctr., 108 AD3d 497, 499 [internal quotation marks omitted]). "[W]e afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory" (Michael R. v Westchester Day Sch., 196 AD3d 657, 658; see Lawrence K. v Westchester Day Sch., 196 AD3d 637, 637). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss" (Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105 [internal quotation marks omitted]).
An employer can be held liable under theories of negligent hiring, retention, and supervision where the complaint alleges that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 160; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744). Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 162).
Here, the complaint alleged, inter alia, that Verdajo was an employee or agent of the moving defendants, that the sexual abuse took place on premises controlled or operated by the moving defendants (see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 869), and that the moving defendants knew or should have known that Verdajo posed a threat to children. At the pleading stage of the litigation, where the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference, the complaint adequately alleged that the moving defendants owed the plaintiff a duty of care and that the sexual abuse by Verdajo was foreseeable (see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 938-939; Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 753). Accordingly, the Supreme Court properly denied that branch of the moving defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent hiring, retention, and supervision insofar as asserted against them.
However, the Supreme Court should have granted that branch of the moving defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent failure to provide a safe and secure environment, as it was duplicative of the cause of action alleging negligent hiring, retention, and supervision (see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d at 869; Steven B. v Westchester Day Sch., 196 AD3d 624, 625).
The moving defendants' remaining contention is without merit.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court