Redd v Brooklyn Friends Sch. (2025 NY Slip Op 03214)

Redd v Brooklyn Friends Sch.

2025 NY Slip Op 03214

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-09352
 (Index No. 521642/19)

[*1]Amala Muhammed Redd, respondent,
v
Brooklyn Friends School, et al., appellants, et al., defendants.

Simon Lesser P.C., New York, NY (Leonard F. Lesser and Nathaniel Levy of counsel), for appellants Brooklyn Friends School and New York Monthly Meeting, and Seyfarth Shaw LLP, New York, NY (Karen Y. Bitar, Matthew C. Catalano, Vlada Feldman, and Rachel Goldner of counsel), for appellant New York Quarterly Meeting (one brief filed).
The Zalkin Law Firm, P.C., New York, NY (Elizabeth A. Cate of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant New York Quarterly Meeting appeals, and the defendants Brooklyn Friends School and New York Monthly Meeting separately appeal, from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated July 18, 2023. The order, insofar as appealed from by the defendant New York Quarterly Meeting, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for negligent supervision, negligent hiring, negligent retention, negligent failure to train, negligent infliction of emotional distress, and intentional infliction of emotional distress, and the demand for punitive damages insofar as asserted against it. The order, insofar as appealed from by the defendants Brooklyn Friends School and New York Monthly Meeting, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for negligent supervision, negligent hiring, negligent retention, negligent failure to train, negligent infliction of emotional distress, and intentional infliction of emotional distress, and the demand for punitive damages insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the separate motions of the defendant New York Quarterly Meeting and the defendants Brooklyn Friends School and New York Monthly Meeting which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for negligent infliction of emotional distress and intentional infliction of emotional distress and the demand for punitive damages insofar as asserted against each of them, and substituting therefor provisions granting those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendants New York Quarterly Meeting, Brooklyn Friends School, and New York Monthly Meeting (hereinafter [*2]collectively the school defendants) pursuant to the Child Victims Act (see CPLR 214-g; hereinafter the CVA). The plaintiff alleged that, while she was a child attending Brooklyn Friends School, she was sexually abused by the defendant Jesus Flores, who was hired by the school defendants to work as a janitor at the school. The amended complaint asserted causes of action, inter alia, to recover damages for negligent supervision, negligent hiring, negligent retention, negligent failure to train, negligent infliction of emotional distress, and intentional infliction of emotional distress, and included a demand for punitive damages. New York Quarterly Meeting moved, and Brooklyn Friends School and New York Monthly Meeting separately moved, among other things, pursuant to CPLR 3211(a)(5) and (7) to dismiss those causes of action and the demand for punitive damages insofar as asserted against each of them. In an order dated July 18, 2023, the Supreme Court, inter alia, denied those branches of the separate motions. These appeals ensued.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Haddad v Muir, 215 AD3d 641, 642; see Schearer v Fitzgerald, 217 AD3d 980, 981). On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868).
The Supreme Court properly denied dismissal of the causes of action to recover damages for negligent supervision, negligent hiring, negligent retention, negligent failure to train, negligent infliction of emotional distress, and intentional infliction of emotional distress insofar as asserted against each of the school defendants on the ground that the CVA violates the Due Process Clause of the New York Constitution. "CPLR 214-g, enacted as part of the CVA, provides a revival window for 'civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run'" (Feaster v Poly Prep Country Day Sch., 227 AD3d 668, 669, quoting S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Spira v National Council of Young Israel, 231 AD3d 987, 988; Forbes v Poly Prep Country Day Sch., 220 AD3d 750, 751). "[A] claim-revival statute will satisfy the Due Process Clause of the State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Contrary to the school defendants' contentions, "the revival of civil claims and causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations" (Spira v National Council of Young Israel, 231 AD3d at 988; see Feaster v Poly Prep Country Day Sch., 227 AD3d at 669-670; Forbes v Poly Prep Country Day Sch., 220 AD3d at 752; Schearer v Fitzgerald, 217 AD3d at 982-983).
"[T]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision of an employee, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Feaster v Poly Prep Country Day Sch., 227 AD3d at 670 [internal quotation marks omitted]; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d at 868). "Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity" (Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105; see Davila v Orange County, 215 AD3d 632, 635). Here, accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the amended complaint sufficiently pleaded causes of action to recover damages for negligent hiring, negligent retention, and negligent supervision (see Spira v National Council of Young Israel, 231 AD3d at 988; Feaster v Poly Prep Country Day Sch., 227 AD3d at 670; Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 802), as well as negligent failure to train (see Soloviev v Ross Sch., 227 AD3d 746, 748; Kaul v Brooklyn Friends Sch., 220 AD3d 936, 939). Accordingly, the Supreme Court properly denied dismissal of the causes of action to recover damages for negligent hiring, negligent retention, negligent supervision, and negligent failure to train insofar as asserted against each of the school defendants [*3]pursuant to CPLR 3211(a)(7).
However, the Supreme Court should have directed dismissal of the cause of action alleging negligent infliction of emotional distress insofar as asserted against each of the school defendants, as it is duplicative of the remaining negligence causes of action (see Doe v Mesivtha, Inc., 224 AD3d 662, 664). A cause of action is properly dismissed as duplicative when it is "based on the same facts and seek[s] essentially identical damages" (Guzman v Ramos, 191 AD3d 644, 648 [internal quotation marks omitted]; see Lawrence K. v Westchester Day Sch., 196 AD3d 637, 638).
Furthermore, the amended complaint failed to state a cause of action to recover damages for intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710; see Novak v Sisters of the Heart of Mary, 210 AD3d at 1106). "The subject conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Klein v Metropolitan Child Servs., Inc., 100 AD3d at 710 [internal quotation marks omitted]). Furthermore, conclusory assertions are insufficient to set forth a cause of action sounding in the intentional infliction of emotional distress (see id. at 711). Here, even accepting the conclusory allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the plaintiff failed to allege conduct by the school defendants that was "so outrageous in character, and so extreme in degree," as to qualify as intentional infliction of emotional distress (see id. at 710 [internal quotation marks omitted]; cf. Novak v Sisters of the Heart of Mary, 210 AD3d at 1106; Eskridge v Diocese of Brooklyn, 210 AD3d 1056, 1058). Accordingly, the Supreme Court should have directed dismissal of the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against each of the school defendants pursuant to CPLR 3211(a)(7).
Finally, the Supreme Court should have directed dismissal of the demand for punitive damages insofar as asserted against each of the school defendants. "[P]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives" (Moskowitz v Masliansky, 198 AD3d 637, 640 [internal quotation marks omitted]; see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 102). Here, the plaintiff's allegations against the school defendants amount to "nothing more than allegations of mere negligence and do not rise to the level of moral culpability necessary to support a claim for punitive damages" (Moskowitz v Masliansky, 198 AD3d at 640-641).
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court