Georgiou v Sacred Patriarchal & Stravropegial Orthodox Monastery of St. Irene Chrysovalantou (2025 NY Slip Op 05668)

Georgiou v Sacred Patriarchal & Stravropegial Orthodox Monastery of St. Irene Chrysovalantou

2025 NY Slip Op 05668

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-04852
 (Index No. 400075/20)

[*1]Andrew Georgiou, appellant-respondent,
v Sacred Patriarchal and Stravropegial Orthodox Monastery of St. Irene Chrysovalantou, respondent-appellant, et al., defendants.

The Zalkin Firm, P.C., New York, NY (Elizabeth A. Cate of counsel), for appellant-respondent.
Seyfarth Shaw LLP, New York, NY (Karen Y. Bitar, Matthew Catalano, Vlada Feldman, and Eddy Salcedo of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Sacred Patriarchal and Stravropegial Orthodox Monastery of St. Irene Chrysovalantou cross-appeals, from an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered April 12, 2023. The order, insofar as appealed from, granted that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the sexual abuse and battery cause of action insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent supervision, negligent retention, intentional infliction of emotional distress, and the demand for punitive damages insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action pursuant to the Child Victims Act (CVA) (see CPLR 214-g) against, among others, the defendant Sacred Patriarchal and Stravropegial Orthodox Monastery of St. Irene Chrysovalantou (hereinafter St. Irene), alleging that one of St. Irene's employees sexually abused him while he was a child between 1974 and 1980. St. Irene moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order entered April 12, 2023, the Supreme Court, inter alia, granted that branch of St. Irene's motion which was pursuant to CPLR 3211(a) to dismiss the sexual abuse and battery cause of action insofar as asserted against it and denied those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligent supervision, negligent retention, and intentional infliction of emotional distress, and the demand for punitive damages insofar as asserted against it. The plaintiff appeals, and St. Irene cross-appeals.
"In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 668-669; see Mikoma Elec., LLC v Otek Bldrs., LLC, 233 AD3d 856, 858).
The Supreme Court properly granted dismissal of the sexual abuse and battery cause of action insofar as asserted against St. Irene. "Under the common-law doctrine of respondeat superior, an employer . . . may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment" (Rivera v State of New York, 34 NY3d 383, 389). "[T]he employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251). An employer is not liable for assaults or other criminal acts committed by an employee under the theory of respondeat superior where those acts are not in furtherance of the business or within the scope of the employment (see Rivera v State of New York, 34 NY3d at 390-391; Nevaeh T. v City of New York, 132 AD3d 840, 843). The plaintiff's conclusory allegation that St. Irene ratified the abuser's conduct was insufficient to state a cause of action for sexual abuse and battery against St. Irene (see Bryant v City of New York, 188 AD2d 445, 446; see also Geiss v Weinstein Co. Holdings, LLC, 383 F Supp 3d 156, 172 n 9 [SD NY]).
The Supreme Court properly denied those branches of St. Irene's motion which were pursuant to CPLR 3211(a)(7) to dismiss the negligent supervision and negligent retention causes of action insofar as asserted against it. "An employer can be held liable under theories of negligent hiring, retention, and supervision where it is shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801 [internal quotation marks omitted]; see Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105). "Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity" (Davila v Orange County, 215 AD3d 632, 635 [internal quotation marks omitted]; see Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 752; Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967). Contrary to St. Irene's contention, the complaint sufficiently pled that it knew or should have known of the abuser's propensity for the alleged conduct (see Novak v Sisters of the Heart of Mary, 210 AD3d at 1105-1106).
The Supreme Court also properly denied that branch of St. Irene's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging intentional infliction of emotional distress insofar as asserted against it. In order to plead a cause of action sounding in intentional infliction of emotional distress, the plaintiff must sufficiently allege the following elements: "(1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). The subject conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Banschick v Johnson, 222 AD3d 608, 610 [internal quotation marks omitted], quoting Ratto v Oliva, 195 AD3d 870, 873 see Howell v New York Post Co., 81 NY2d 115, 122). Contrary to St. Irene's contention, accepting as true the plaintiff's allegations in the complaint that St. Irene had knowledge of the abuser's sexual abuse of another child and permitted the abuser to continue to have access to children, including the plaintiff, and according the plaintiff the benefit of every possible favorable inference, the alleged conduct was sufficiently outrageous in character and extreme in degree to set forth a cause of action for intentional infliction of emotional distress (see Eskridge v Diocese of Brooklyn, 210 AD3d 1056, 1058; Novak v Sisters of the Heart of Mary, 210 AD3d at 1106).
The Supreme Court also properly denied that branch of St. Irene's motion which was to dismiss the complaint insofar as asserted against it on the ground that the claim revival provision of the CVA violates the Due Process Clause of the New York Constitution. CPLR 214-g, enacted as part of the CVA, provides a revival window for "civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). "[A] claim-revival statute will satisfy the Due Process Clause of the State Constitution if it was enacted as a reasonable response in order to remedy an injustice" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 400). Contrary to St. Irene's contention, the revival of civil claims and [*2]causes of action pursuant to the CVA was a reasonable response to remedy the injustice to child sexual assault survivors caused by application of the relevant statute of limitations (see Spira v National Council of Young Israel, 231 AD3d 987, 988; Rubin v Poly Prep Country Day Sch., 227 AD3d 741, 742; Schearer v Fitzgerald, 217 AD3d 981, 983).
St. Irene's remaining contention is without merit.
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court